Brook B. Bond, USB No. 19138
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID 83702
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
Email: BBond@parsonsbehle.com

Angus Edwards, USB No. 4563
Alex N. Vandiver, USB No. 17700
PARSONS BEHLE & LATIMER
201 S. Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Email: AEdwards@parsonsbehle.com
AVandiver@parsonsbehle.com

Attorneys for Defendant
Kinsale Insurance Company

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KINSALE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:24-cv-00688<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Defendant Kinsale Insurance Company ("Kinsale"), by and through its undersigned counsel of record, hereby respectfully submits this Notice of Removal under 28 U.S.C. §§ 1332(a), 1441, and 1446, and removes this action from the Third Judicial District of Salt Lake County, State of Utah, to the United States District Court for the District of Utah, and as grounds for removal states as follows:

## I. PROCEDURAL BACKGROUND

1. On August 16, 2024, Plaintiff The Phoenix Insurance Company ("Plaintiff" or "The Phoenix") filed a Complaint for Declaratory Relief ("Complaint") in the Third Judicial District of Salt Lake County, State of Utah, Case No. 240906533, styled "*The Phoenix Insurance Company v. Kinsale Insurance Company*" (hereinafter, the "State Action"). The Complaint is attached as **Exhibit A** hereto and incorporated herein by reference.

2. Plaintiff, The Phoenix, is an insurance company incorporated in the State of Connecticut and maintains its principal place of business in Hartford, Connecticut. Accordingly, The Phoenix is a citizen of Connecticut for purposes of diversity jurisdiction.

3. On the date the Complaint was filed, on the date of this Notice, and all times in between, Defendant Kinsale, which sells insurance policies in the State of Utah, was and is a corporation organized and incorporated under the laws of the state of Arkansas with its principal place of business in Richmond, Virginia. Accordingly, Kinsale is a citizen of Arkansas and Virginia for purposes of diversity jurisdiction.

4. In the State Action, The Phoenix brought claims for Declaratory Relief and Equitable Subrogation for Defense Costs' Expended—arising from a certain Contract of Insurance—for an underlying personal injury case.

5. The Complaint asserts that the State Action is a Tier II case, which is a case for "more than $50,000 and less than $300,000 or non-monetary relief." UTAH R. CIV. P. 26(c)(5).

6. However, the underlying personal injury case—for which The Phoenix seeks Declaratory Relief and Equitable Subrogation for Defense Costs' Expended—is a matter where Plaintiff Victor M. Romero commenced an action against Defendants Pinnacle Construction Inc., Gramoll Construction Company, and Does 1-10 in the Third Judicial District of Salt Lake County, State of Utah, Case No. 210903647, styled "*Victor M. Romero v. Pinnacle Construction, Inc., et*

*al.*" on July 12, 2021 (hereinafter, the "Underlying Personal Injury Complaint"), asserting that it is a Tier III case, which is a case for "$300,000 or more." UTAH R. CIV. P. 26(c)(5). A copy of the governing Underlying Personal Injury Complaint is attached to the Complaint as Exhibit 1. *See* Complaint at Ex. 1.

7. The Underlying Personal Injury Complaint brings a claim of Negligence against Defendants Pinnacle Construction Inc., Gramoll Construction Company, and Does 1-10 for allegedly failing to provide a safe work environment and allowing a wood beam to fall on Plaintiff Victor M. Romero—"resulting in head and spine injuries."

8. The Underlying Personal Injury Complaint was initiated on July 12, 2021.

9. Based on the sheer amount of litigation reflected on the docket of the Underlying Personal Injury Complaint (which has been ongoing for over three years), it is more likely than not that The Phoenix is seeking reimbursement for defense costs that exceed $75,000 exclusive of interest and costs. *See* Declaration of John Lacek ("Lacek Decl.") filed concurrently herewith, at ¶ 5.

10. A true and correct copy of the docket for the State Action, current as of the date of this filing, is attached as **<u>Exhibit B</u>** hereto and incorporated herein by reference.

11. On August 21, 2024, The Phoenix filed an Affidavit of Process Server evidencing service of the Complaint upon Kinsale on August 20, 2024 ("Affidavit of Service"). A true and correct copy of the Affidavit of Service is attached as **<u>Exhibit C</u>** hereto and incorporated herein by reference.

## II. THIS CASE IS REMOVABLE UNDER 28 U.S.C. 1332 AND 1441(A)

12. Under 28 U.S.C. § 1332(a)(1), a federal district court may exercise diversity jurisdiction where parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Because The Phoenix is a citizen of Connecticut and Kinsale is a citizen of Arkansas and Virginia, complete diversity among the parties to this action exists. Therefore, the requisite diversity of citizenship is satisfied under 28 U.S.C. § 1332(a)(2).

14. Considering that The Phoenix is essentially seeking reimbursement for the damages to be awarded in the Underlying Personal Injury Complaint (which is a Tier III case – a case for $300,000 or more) plus defense costs (for an ongoing case that has been ongoing for over three years), the amount in controversy truly exceeds the sum or value of $75,000 exclusive of interest and costs. *See* Lacek Decl.

15. Thus, this Court has original jurisdiction over the claims asserted in the state court action under 28 U.S.C. § 1332.

16. Under 28 U.S.C. § 1441(b), a defendant may remove a case from state court to federal court based on diversity jurisdiction. Because there is diversity jurisdiction in this matter, this case may be removed from state court to this Court.

17. The United States District Court for the District of Utah is the federal district covering Salt Lake County, Utah. Therefore, venue is proper in this Court. *See* 28 U.S.C. § 125.

## III. PROCEDURAL REQUIREMENTS

1. This Notice of Removal is filed within thirty (30) days of August 20, 2024, *i.e.*, the date on which Defendant was served. Thus, this Notice of Removal is timely. *See* 28 U.S.C. § 1466(b).

2. Copies of all processes, pleadings, and orders have been filed with this Court. *See* 28 U.S.C. § 1446(a).

3. Pursuant to 28 U.S.C. § 1446(a) and DUCivR 81-2(b), the following documents are attached to and included with this Notice of Removal:

a. Exhibit A – Complaint

b. Exhibit B – Docket
c. Exhibit C – All Other Court Filings

The Court has not entered a Notice of Event Due Dates because Defendant has not filed an Answer to the Complaint. Collectively, Exhibits A, B, and C hereto comprise the entire record in the State Action as of the date of this filing.

4. Concurrent with the filing hereof, a copy of this Notice of Removal will be sent to the Third Judicial District Court of Salt Lake County, State of Utah, and to Plaintiff's counsel.

5. By removing this action to this Court, Kinsale does not waive any defenses, objections, or motions available to it under state or federal law. Kinsale hereby expressly reserves its right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* F.R.C.P. 81(c)(1),(2).

6. The filing fee has been paid to the Clerk.

7. Kinsale reserves the right to supplement its jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

For the reasons stated above, Kinsale hereby removes this action from the Third Judicial District Court of Salt Lake County, State of Utah, to the United States District Court for the District of Utah.

This Notice of Removal is filed subject to and without waiving any defenses or objections to Plaintiff's Complaint as allowed by the Federal Rules of Civil Procedure or by any applicable state or federal law.

DATED THIS 19th day of September, 2024.

PARSONS BEHLE & LATIMER

By *\/s\/ Brook B. Bond*

Brook B. Bond
Angus Edwards
Alex N. Vandiver
Attorneys for Defendant
Kinsale Insurance Company